AMINI LLC

Avery Samet
MEMBER NY BAR

212.497.8239
asamet@aminillc.com

September 4, 2026

**VIA ACMS**

Catherine O'Hagan Wolfe
Clerk of Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re: 25-2837-cv, *Estate of Tamar Kedem Siman Tov et al. v. UNRWA et al.***

Dear Ms. Wolfe:

This firm represents the appellants in this appeal. We write to advise the Court pursuant to Fed. R. App. P. 28(j) of various recent legal decisions and other developments subsequent to the filing of our reply brief that may be relevant to the Court's analysis of the issues on appeal.

First, we wish to update the Court on the status of the companion case pending in the Southern District of New York against the same defendants for substantially the same wrongful acts. *Atzili et al. v. UNRWA et al.*, No. 25-cv-05677. *See* Opening Br. at 3 n.2. Judge Abrams had scheduled oral-argument for mid-July in that case on the defendants' motion to dismiss based on the same immunity grounds that are before this Court in this appeal, but upon learning that this Court had scheduled oral argument for September in this appeal, entered an Order staying that case pending this Court's decision herein. (Doc. No. 43).

The primary difference between *Atzili* and this case is that the *Atzili* plaintiffs (numbering over 200) are all U.S. citizens, or immediate family members thereof, who have asserted claims under the Anti-Terrorism Act ("ATA"), 18 U.S.C. 2331 et seq. The plaintiffs in this action, by contrast, are non-U.S. citizens bringing suit under the Alien Tort Statute, the Torture Victims Protection Act (the "TVPA)", and state law claims.

That distinction is important because the Supreme Court recently invalidated aiding and abetting claims under the Alien Tort Statute and the TVPA. *Cisco Systems, Inc. v. Doe I*, 609 U.S. ___, 146 S. Ct. 1882 (June 23, 2026). That affects Counts I and II of this action (but not Counts III, IV and V). It has no effect on the *Atzili* case (except for its TVPA count), which primarily asserts a claim for aiding and abetting pursuant to the express statutory language of the ATA.

Second, in July the Fourth Circuit issued its decision in *Kuiper v. Reyes Mena*, 181 F.4th 385 (4th Cir. 2026), rejecting an immunity defense raised by the defendant who claimed to have been acting within the scope of his official duties as a senior foreign military officer at the time of the extrajudicial killing of plaintiff's decedent. *Kuiper* applies and extends that court's prior decision in *Yousuf v. Samantar*, which is discussed extensively in the parties' briefing herein, e.g. Opening Br. at 60-62. Significantly, *Kuiper* holds that "as a matter of concept, *jus cogens* norms are not thought to be an 'exception' to immunity. Rather, conduct that violates a *jus cogens* norm is understood as not constituting a sovereign act that would be protected" by the doctrine of individual immunity for acts committed in an official capacity. 181 F.4th at 391.

Finally, we wish to update the Court on a relevant change in the status of one of the individual defendants. We previously explained that subsequent to the District Court's decision Mr. Grandi had retired effective December 31, 2025 from the position that was the basis of his claim to immunity under section 19 of the CPIUN and explained the impact of that retirement. Opening Br. at 55-56; Reply Br. at 21-22. Subsequent to the completion of briefing in this Court, it was announced that the only other defendant who had raised a section 19 defense, Mr. Lazzarini, had likewise retired from his relevant post effective June 30, 2026.[1]

Very truly yours,

*/s/ Avery Samet*

Avery Samet

cc: All counsel of record via ACMS

---

[1] *See* https://www.un.org/unispal/document/un-secretary-general-designates-christian-saunders-as-unrwa-acting-commissioner-general-from-1-july-2026-until-further-notice/.